IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 1005 |
| | ) |
| HOOVER SCHRUM SCHOOL DISTRICT 157, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

Hoover Schrum School District 157 ("District") has filed its Answer in this action brought against it by its ex-employee Vanessa Johnson ("Johnson"). Although no view is expressed here as to the appropriateness of the bulk of District's statements (which are mostly denials), this memorandum order is issued sua sponte because of one obvious problem with certain of District's responses.

Here is a portion of Answer ¶1:

> Defendant is without knowledge as to the remaining allegations and therefore denies the same.

Similar assertions are advanced in Answer ¶¶11, 12, 26, 41, 43, 44, 51 and 74 as to a portion of the allegations in the corresponding paragraphs of Johnson's Complaint.

That usage not only departs impermissibly from the clear path marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers that can relieve a litigant from the need either to admit or deny allegations (see Rule 8(b)(1)(B)) but is oxymoronic

to boot.  How can a party that asserts (presumably in good faith) that it lacks enough knowledge as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?[1]

Accordingly each of the offending responses is stricken, but with leave granted to file an amendment to the Answer in proper form on or before May 13, 2011.[2]  No charge is to be made to District by its counsel for the added work and expense incurred in correcting counsel's errors.  District's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 3, 2011

---

[1] Indeed, when the more demanding requirements (1) of lack of <u>information</u> and (2) of <u>belief</u>--both improperly omitted by District's counsel--are taken into account, the denials are even less justifiable.

[2] This does <u>not</u> call for the submission of a full self-contained Amended Answer, which would kill altogether too many trees.